We'll hear argument today in No. 18-72563, William Obed Martinez v. William P. Barr. I understand there's a division of time among counsel for the petitioners to round things off to even digits. I've increased the time to 16 minutes per side. So, Ms. Curio, you'll have 7 minutes, Ms. Suarez, 6 minutes, and then 3 minutes you'll retain for rebuttal. Please watch your time. You may proceed. Good morning, Your Honors. May it please the Court. My name is Evelyn Creel, and I, along with my co-counsel, Alejandrina Suarez, under the supervision of Professor Andrew Knapp, represent the petitioner Mr. William Obed Martinez. I will argue the BIA erred in reversing the IJ's favorable exercise of discretion, and my co-counsel will argue the BIA erred in reversing the IJ's hardship finding. We ask this Court to remand the case. The BIA engaged in fact-finding on appeal regarding the seriousness of William's DUIs and did not accept the IJ's predictive findings about William's rehabilitation. The BIA reversed the IJ's discretionary determination, stating, The respondent did not satisfy his burden of establishing that he warrants a grant of cancellation of removal as a matter of discretion. The BIA stated on the record, page 4, of his last DUI conviction, recidivism, and prior failed attempts at rehabilitation. The BIA rejected the IJ's predictive finding that William was rehabilitated without declaring that finding clearly erroneous. Where in the record does the BIA actually say that it disagrees with that finding or otherwise sets it aside? Because as I read this, it sounds to me like they acknowledged what the IJ had said, but then said it was just counterweighed by the fact that, you know, he had failed these many other times while he was in removal proceedings, and that was all really serious and outweighed what he had done recently. Why isn't that the correct reading of the BIA's ruling? Well, Your Honor, although it is not in plain language, the BIA does not state that they disagree with the IJ, it can be inferred from the way that they read the IJ's decision and the way that they wrote their own decision, stating that William was not rehabilitated. And as the IJ noted on the record, page 59, William was firmly on the path to rehabilitation. So within the BIA's decision, they weigh that William was not rehabilitated and state he merely had prior failed attempts at rehabilitation. These two findings are contrary. In addition, in finding William rehabilitated, the IJ noted on the record, page 59-60, his participation in art therapy, Bible study, DUI parenting, and drug and alcohol abuse classes while in detention, as well as his sincere testimony that illustrated he had indeed turned over a new leaf as a result of attending these classes. IJ Marks specifically found on the record, page 59, that William learned from his classes that alcoholism is a disease and that it requires constant attention to assure that one does not have a relapse. The BIA rejected the IJ's positive rehabilitation determination and recharacterized William's recovery as mere rehabilitation attempts, before concluding that the equities he presented do not adequately tip the discretionary balance towards a favorable exercise of discretion, on the record, page 4. In accordance with the two beholders, the BIA was required to first explain why the IJ's contrary rehabilitation finding was clearly erroneous, prior to them factoring into their discretionary analysis a de novo finding of lack of rehabilitation. Also under GARA v. Barr, the BIA must give an explanation as to why the IJ was illogical or implausible or without support in inferences that may be drawn from the facts in the record, or they reject the IJ's fact finding. Do you contend that anything other than the treatment of the rehabilitation finding constitutes the legal error that would allow us to be able to review what's an otherwise unreviewable exercise of discretion, or is there a second legal error? Is it just the one legal error? Well, Your Honor, aside from rehabilitation, there was additional fact finding on appeal in regards to William's seriousness and the DUIs that he has been convicted of. So this is another legal error that, within still the clearly erroneous standard that the BIA committed. Within the seriousness of William's DUIs, the IJ never made a factual finding that William's DUIs were serious offenses. Isn't serious a judgment call that's applied to the facts? And we drew that distinction in the Perez-Palafox case. So why isn't this on the other side of the line for purposes of Perez-Palafox? Well, Your Honor, it is in fact a factual determination, but here we don't have any facts for the BIA to determine that it was a serious offense. We only have some testimony from William stating that he, in regards only to the third DUI. In order for the BIA, as you stated, to determine factually based on the record, we would need to remand. And if they find that they don't have enough sufficient evidence to then state that it is serious, then they would be required to remand back to the IJ to make those factual determinations in regards to the convictions. But didn't the IJ implicitly acknowledge it was a serious offense when the IJ said something along the lines of, Mr. Martinez understands the seriousness of his DUI offenses? Isn't that, can't we say implicitly that that is a finding of seriousness? Well, Your Honor, that is in fact on the record, page 59, that you are referencing. And that was the only mention that the IJ made in regards to seriousness. And within that, it would be a general statement that the DUIs were serious. However, the BIA went a step further and not only agreed with the IJ about the seriousness in general of DUIs, but went further by stating that Williams-specific DUI convictions are for serious offenses that jeopardize the safety of persons and property. And that is not only accepting the IJs, but going further, and that going further is the fact-finding on appeal. Thank you, Your Honors. My time is up. All right. Thank you, Ken. So, Ms. Suarez, we'll hear from you next. Thank you. Good morning, Your Honors. May it please the Court, my name is Alejandra Suarez. I will argue that this Court should remand to the BIA for them to apply the correct standard of review to the hardship determination. Because the BIA failed to correctly apply the clearly erroneous standard and engaged in prohibited fact-finding when they determined that petitioner did not satisfy his version of establishing exceptional and extremely unusual hardship. As this Court has made clear, merely reciting the correct standard of review is insufficient. In this case, the BIA set forth the correct standard, but deviated from it by adopting an alternative view of the evidence in the hardship determination. The BIA's decision improperly rejected the IJ's, quote, speculative findings regarding both mothers' amenability and ability to have their children visit the respondent outside of the United States, end quote, record page 3. Because the BIA was required to either accept the IJ's predictive findings or explain why these findings were illogical or impossible or without support in the inferences that may be drawn from the past records. The BIA improperly rejected the IJ's finding that William's deportation would aggravate his daughter's medical condition when it held that, quote, the record does not support a finding that any disruption in the financial support provided by William after his removal would result in or contribute to exceptional and extremely unusual hardship to his children, end quote, record page 4. Because the BIA was required to accept the IJ's predictive findings that William continues to provide financial support to his daughter and has an agreed support arrangement with his son's mother or explain why these findings were clearly erroneous. On that one, what is your understanding? I think you're saying the IJ's finding regarding Mr. Martinez's daughter was about his ability to pay financial support for his daughter. To me it wasn't clear what the IJ's hardship finding was with respect to his daughter. I can understand if his daughter were to go with him to El Salvador where maybe the medical facilities aren't as good as in the United States, that would be an extreme hardship. I wasn't sure what the IJ's finding was with respect to that. What is your understanding of the IJ's finding on that? My understanding, Your Honor, is that the IJ marks to determine that William's support provided for her medical care as he testified on record page 112, or I'm sorry, record page 150-151, William testified that his support payments contributed to his daughter's medical treatment. I believe IJ marks William's testimony full evidentiary weight. Thus, she accorded that finding that his support does provide for her medical care. Further, the BIA also delved into the record and engaged in prohibited fact finding about the seriousness of his daughter's medical condition. When they held that, quote, the most recent 2014 medical documents in the record before us state that their cardiac intervention is not anticipated, end quote, record page four. Again, the BIA is required to accept the IJ's predictive finding that, quote, she is- of the other medical records that had been put into the record by Mr. Martinez and that the IJ credited in terms of giving full context to what the IJ had found. I don't see how that sets aside the finding. Explain that to me. Well, Your Honor, here they're completely contradictory findings because IJ marks did find that his daughter had a medical condition that continued to require additional care, which included a possible pacemaker in the future. Here, the BIA clearly said that there is- that the record does not support that finding, but again, they failed to explain why. I don't see that it said that. Show me where it said that. If we're looking at the BIA's decision- Acknowledge the IJ's findings and then go on to quote one of the documents submitted by Martinez himself. I don't see how that attacks the IJ's findings in any respect. Well, Your Honor, in Verity Bar, this court held that the BIA needs to clearly state why it's making that determination and if that determination is a lawful or implausible or without supporting the inferences. In here, the BIA just simply did not do so just because they used the words acknowledged and dove into the record with regards to her medical condition. They failed to explain why exactly that was clearly erroneous. As stated, IJ Marks carefully observed Williams' demeanor while he was on the witness stand. He testified in a sincere, forward fashion, and he also testified with regards to Jaylee's medical condition, I believe. Again, she gave Williams' testimony full evidentiary weight to the documentary evidence, which she took into account when she made the determination that Jaylee's condition was serious. This court in Reader v. Holder stated that the clearly erroneous standard does not entitle a reviewing court to reverse that finding of the trier of facts simply because it is convinced that it would have decided the case differently, but rather the board must identify specific reasons for forming a definite and firm conviction that a mistake has been made. This court also held in B2 v. Holder that under the clear error review, it is insufficient for the BIA to reject a finding of the IJ in a conclusive assessment. Okay. Thank you, counsel. I'll let you go over in a minute. We'll hear from the government now. Thank you. May it please the court? Micah Engler on behalf of the Attorney General. I just want to apologize in advance because I'm only on audio. I can't see if your honors have a question, so please just interrupt me, and I apologize if I speak over you unintentionally. I will start with the first point regarding the board's denial of cancellation of removal as a matter of discretion. The immigration judge never found that petitioner was rehabilitated. The immigration judge specifically said that the petitioner was firmly on the path towards rehabilitation, and the board did not find that the petitioner was not rehabilitated. The board merely weighed the factors, weighed the equities, which it's entitled to do pursuant to its discretion, and found that the recent rehabilitation attempts and the equities he presented, they did not adequately tip the discretionary balance toward a favorable exercise of discretion. The board did not find any error in the immigration judge's findings regarding rehabilitation. Certainly the BIA expressed a lot of skepticism because the IJ says that he's well on the path to rehabilitation, and what the BIA says is recent rehabilitation attempts, and then immediately follows by saying that the prior attempts had ended in failure, clearly suggesting the BIA thought that this attempt was likely to end in failure as well. So it doesn't seem consistent with the IJ's finding, does it? But the board's not explicitly disagreeing with the IJ's finding regarding being on the path towards rehabilitation. I think, if anything, the board is simply pointing out that the petitioner is not fully rehabilitated necessarily, and that the immigration judge didn't find that he's fully rehabilitated, and that when you're on the path towards rehabilitation, you're not necessarily rehabilitated, and that there could be stops along the path towards rehabilitation. But the board's entitled to look at all of these different factors when it's weighing the equities. The board's not disagreeing with the immigration judge's findings here regarding rehabilitation. And next, burning to the seriousness, that was discussed, the seriousness of the DUIs. Once again, the board's not disagreeing with anything the immigration judge said regarding seriousness. In fact, as Your Honor pointed out, the immigration judge noted the seriousness of the offenses when she stated that the petitioner did not recognize the seriousness of the offenses. So clearly, the immigration judge agreed that these offenses were serious, and the petitioner himself testified that DUIs are very dangerous. On page 138 and 139 of the record, he testified to how dangerous they are and the fact that other people could be injured as a result of DUIs. And so, given that, the board did not make any findings of fact on its own and agreed with the immigration judge's decision regarding seriousness of the offenses. Turning to the issue, so that alone is dispositive of the case, the board's denial as a matter of discretion. Alternatively, turning to the issue of exceptional and extremely unusual hardship, the board did find clear error in the immigration judge's findings regarding the finances of the children's mothers. And it made clear why it found that, and it's because there's simply no evidentiary support for the immigration judge's otherwise speculative findings. There's nothing in the record regarding the mother's amenability and ability to have their children visit the petitioner in El Salvador. That's not quite right, because maybe as to financial ability, but as to amenability, Mr. Martinez was asked specifically, and do you believe that her mom, this is the daughter's mother, her mom would come visit you in El Salvador with her? And his response was, I don't believe she would. And now that's testimony that was credited by the IJ, so that is, so it's not true to say there's no evidence on amenability, at least as to the daughter's mother. Isn't that right? Your Honor, that is correct regarding the daughter's mother. However, the board is saying that there's no evidence regarding the mother's amenability and ability to have their children visit. So there's nothing in the record saying... It was with her. And do you believe that her mom would come visit you in El Salvador with her? So the question was as to amenability of her bringing the daughter, and so now we know there is some evidence in the record as to amenability as to one of the daughters, and so this omnibus finding that there's no evidence as to either of them on amenability and financial ability is not correct. Isn't that right? Am I reading this wrong? No, Your Honor. I would argue that there's evidence regarding the mother's amenability to visit petitioner in El Salvador with the daughter. Yes, there's evidence regarding that. But there's no evidence as to whether the mother would be okay with the daughter visiting petitioner or with the daughter going with another family member to visit petitioner. And I think that is what the board's decision says, that there's no evidentiary support for the mother's amenability and ability to have their children to have the daughter visit petitioner outside of the United States. Well, shouldn't the BIA at least then explain that in the opinion if they're trying to distinguish what the IJ found and what the testimony was? Wasn't that at least incumbent upon the BIA to explain that in its opinion? Your Honor, it seems that the board is merely looking through the record for any evidence regarding this aspect of a hardship claim, and it found no evidence regarding this aspect. So I don't think that the board has to state every reason, every explanation for doing it. If we look at the record, there is no evidence regarding the parents, regarding the mother's financial circumstances. And as I've argued, there is no evidence regarding whether the children could visit petitioner outside the United States. And I think that's what the board made clear in their determination regarding error in the immigration judge's decision. And turning to the issue regarding the daughter, petitioner's daughter's heart condition, the board does not find clear error in the immigration judge's decision on this point. In fact, the board doesn't find any error regarding the immigration judge's decision regarding this point. The board simply discusses the immigration judge's decision and points to other evidence in the record, as Your Honor stated, that the immigration judge gave full weight to, and just quotes directly the most recent medical record regarding the daughter's heart condition. That's what the board did. So the board didn't find error. The board is simply weighing the evidence which it's entitled to do under the discretionary hardship determination. If there are no further questions, Your Honor, for all these reasons, the board acted within its discretionary authority and properly denied cancellation of removal for a petitioner. I have one more question. Yes. Mr. Martinez's counsel filed a 28-J letter pointing to us a recent decision bias. It's an unpublished one, so it's not binding on us. Vasquez Chavez v. Barr, in which this court reversed the BIA's decision to reverse an IJ's favorable exercise of discretion of a petitioner who had a history of DUIs, and there was a question of rehabilitation. How does that bear on this case? Yes, Your Honor. In Vasquez Chavez, that relates to the rehabilitation issue that we discussed, and after reading that decision, it appears that that case is more like what petitioner is arguing, where if the immigration judge says that petitioner is rehabilitated, and then the board comes in and says, no, the petitioner is not rehabilitated, the board has to show clear error in that factual finding. But the government's position is that's not what happened here. Not only did the immigration judge not find that petitioner was rehabilitated, at no point did the immigration judge say that, but also the board did not find that he officially wasn't rehabilitated. And as the court noted in Vasquez, the board's free to reweigh the equities as it saw fit, and that's really what this case is about. The board simply reweighed the equities as it saw fit in denying the discretionary determination for cancellation of removal. Thank you. All right. Thank you, Your Honor. Thank you, counsel. You have three minutes now for rebuttal. I don't know who's going to speak first or if you're both going to speak. Ms. Curiel or Ms. Suarez, who's going to handle rebuttal? I will, Your Honor. Thank you. All right. Then go ahead, Ms. Suarez. Thank you. With regards to the points that the government has made with regards to rehabilitation, this is very similar to the Vasquez v. Chavez, where the BIA disagreed with the rehab determination, rehabilitation determination. Although the judge didn't clearly state that he was rehabilitated, he did state that he was on the path to rehabilitation. But Vasquez-Chavez is the kind of language in the BIA's order that we quote in our decision that isn't present in this one, and that is that the BIA held that Vasquez's, quote, history of recidivism undermined his claim of rehabilitation, close quote. That's the BIA rejecting very clearly the finding of rehabilitation, the i-judge. Do we have anything comparable here? No. Well, Your Honor. Well, here when we're looking at the BIA's decision record on page four, quote, the nature of this conviction... I apologize. I'm looking at the correct record. We're looking at the record page five, where it says the respondent's recent rehabilitation attempts and the acquittees did not adequately tip the discretionary balance towards a favorable exercise of discretion. Here, it's very similar. They're clearly disagreeing with I.J. Mark's determination that William is rehabilitated. Additionally, this is also very similar to the Marador v. U.S. Attorney General case with regards to the rehabilitation determination. Thank you, Your Honor. That is all. Okay. You have one minute left. I don't know if, Ms. Curio, you want to add anything or are you going to submit the case? All right. I thank you, both sides, for excellent presentations. I think you've done a very good job in assisting the court in this case, and I want to thank everyone for the excellent briefing and for the excellent arguments this morning. The matter just argued will stand submitted, and we are adjourned. Thank you, Your Honor. Thank you. Thank you. Thank you. Thank you. Thank you. This court for this session stands adjourned.
judges: Presnell, Collins, Lee